**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **Z.M. and K.M.**

**No. 22-0396** (Wood County 21-JA-99 and 21-JA-100)

**MEMORANDUM DECISION**

Petitioner Mother A.S.[1] appeals the Circuit Court of Wood County's April 21, 2022, order terminating her parental rights to Z.M. and K.M.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R.A.P. 21.

In May of 2021, the West Virginia Department of Health and Human Resources ("DHHR") filed a petition against petitioner alleging that she abused substances such that her parenting skills were impaired. Specifically, the DHHR alleged that a search of petitioner's home revealed controlled substances and drug paraphernalia within reach of the children. The DHHR further alleged that petitioner engaged in domestic violence with the father and failed to provide adequate and safe housing for the children.

Thereafter, the circuit court adjudicated petitioner as a neglecting parent and petitioner was accepted into family drug treatment court ("FDTC").[3] Petitioner tested positive for controlled substances until October of 2021, and in February of 2022, the FDTC staff found messages on her

---

[1]Petitioner appears by counsel Heather L. Starcher. The West Virginia Department of Health and Human Resources appears by counsel Patrick Morrisey and Katica Ribel. Jeffrey B. Reed appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R.A.P. 40(e).

[3]Although not apparent from the appendix record, petitioner's brief seems to indicate that she was granted a post-adjudicatory improvement period as part of her acceptance into a family drug treatment court. "Family drug treatment courts are specialized court dockets within the existing structure of West Virginia's court system offering judicial monitoring of intensive treatment and strict supervision of individuals with substance use disorder involved in a child abuse and neglect case pursuant to § 49-4-601*, et. seq.*" W. Va. Code § 62-15B-1(b).

phone indicating an illegal drug exchange. As a result, petitioner's visits with the children were stopped and she was ultimately discharged from the FDTC.

In April of 2022, the circuit court held a dispositional hearing. Petitioner requested a post-dispositional improvement period and testified to her participation in services since her discharge from FDTC. Petitioner claimed that she was submitting to drug screens through avenues other than the day report center. Petitioner denied that she sent the messages on her phone which indicated a drug deal. The DHHR presented petitioner's FDTC discharge summary as well as a DHHR report and requested that the circuit court take judicial notice of the FDTC proceedings.

Following testimony, the circuit court found that petitioner failed to take steps to correct the conditions of abuse and neglect. The circuit court further found that, despite the support and services offered through the FDTC, petitioner, at best, was engaging with persons who were actively using and dealing drugs and, at worst, engaged in dealing substances while in FDTC. Indeed, the court found that, in reviewing the text messages indicating an illegal drug exchange from petitioner's phone, her allegations that her sister-in-law sent the messages "do[] not make any sense." Lastly, the court found that petitioner knew that services were available to her after she was discharged from FDTC yet failed to comply with drug screening, leaving the court unable to evaluate whether she was sober as claimed. Accordingly, the circuit court terminated petitioner's parental rights upon finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was necessary for the children's welfare. Petitioner appeals the circuit court's April 21, 2022, dispositional order. [4]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner argues that the circuit court erred in denying her motion for a post-dispositional improvement period when she substantially complied with her post-adjudicatory improvement period and demonstrated a substantial change in circumstances. Specifically, petitioner argues that she left the children's father and obtained a domestic violence protective order against him, participated in successful visits with the children, consistently attended parenting and adult life skills classes and demonstrated an understanding of the materials, applied for and was approved to receive housing assistance, and submitted to drug screens. According to petitioner, these actions constituted a substantial change in circumstances given that she was not compliant with services at the beginning of the proceedings. Petitioner also states that she provided an explanation for the messages on her phone, which she claims are supported by the time stamps and the content of the messages. In sum, petitioner argues that she was substantially complying with services and simply needed additional time to completely remedy the conditions of abuse and neglect. We disagree.

West Virginia Code § 49-4-610(3)(B) requires that, to be granted a post-dispositional improvement period, a parent must "demonstrate, by clear and convincing evidence, that [she] is likely to fully participate in the improvement period." Further, in circumstances where a parent

---

[4]The father's rights were also terminated below. The permanency plan for the children is adoption in their current foster placement.

was previously granted an improvement period, the parent must prove that "since the initial improvement period, the [parent] has experienced a substantial change in circumstances" and that due to the change in circumstances, the parent "is likely to fully participate in the improvement period." W. Va. Code § 49-4-610(3)(D). "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015).

Here, petitioner fails to demonstrate that the circuit court erred in denying her motion for a post-dispositional improvement period. While petitioner is correct that she complied with some aspects of her post-adjudicatory improvement period, the record establishes that petitioner was involved in a drug sale, was discharged from FDTC, and was suspended from visits with the children as a result. Moreover, following her discharge from FDTC, petitioner failed to satisfactorily comply with drug screens. Although ordered to submit to two drug screens per week through the local day report center, petitioner submitted to only two or three screens per month, often through unapproved companies. To the extent petitioner argues that her coming into compliance with services equated a substantial change in circumstances, the circuit court found that "doing what she is supposed to be doing is not a change in circumstances." Furthermore, while petitioner claims that she did not send the messages regarding a drug sale, the circuit court reviewed the messages and assessed petitioner's credibility during her testimony. We decline to disturb any credibility determinations. *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). In sum, we find that the circuit court did not abuse its discretion in denying petitioner an improvement period given that she was discharged from FDTC, failed to comply with drug screens, and was involved in the sale of drugs.

We further note that the circuit court made the findings required by West Virginia Code § 49-4-604(c)(6) to terminate parental rights, which petitioner does not contest. As such, we find no error in the termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 21, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: October 26, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

3